1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDDY CIVIL LOCON,

       Plaintiff,

   v.

JANET NAPOLITANO,

       Defendant.

_____/

No. C 10-04367 CRB

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

Presently before the Court is a Petition for a Writ of Habeas Corpus ("Petition") filed by Guatemalan native and citizen, Freddy Civil Locon ("Petitioner").  On September 28, 2010, following a series of administrative and judicial reviews of an immigration judge's 2004 removal order – which included claims of ineffective assistance of counsel and prejudicial fraudulent misrepresentation by a legal assistant – Petitioner was removed to Guatemala.  Several hours after his return to Guatemala, Petitioner filed this Petition.  However, as discussed below, because Petitioner was in Guatemala and no longer "in custody," pursuant to 28 U.S.C. § 2241, when the Petition was filed, this Court lacks subject-matter jurisdiction over the Petition.  Accordingly, the Petition must be dismissed.

**I.     BACKGROUND**

Due to the parties' familiarity with the general sequence of events, the Court sets forth only those facts necessary to frame the issues at bar.

**United States District Court**
For the Northern District of California

On April 16, 1993, Petitioner, a native and citizen of Guatemala, applied for asylum in the United States.  Pet. (dkt. 1) Ex. F.  In 2002, Petitioner's application was referred to an immigration judge, who, on August 7, 2003, denied his application and ordered him removed to Guatemala.  Id. Exs. H, I, M.  The Board of Immigration Appeals ("BIA") affirmed this decision on September 8, 2004.  Id. Ex. O.  In both of these proceedings, Petitioner was represented by attorney Gloria Lopez.  Id. Exs. H, K, O.

On September 19, 2006, Petitioner, aided by new counsel, Hilari Allred, filed a motion to reopen with the BIA, arguing ineffective assistance of counsel by Lopez and fraudulent misrepresentation by Byron Vasquez – a man who Petitioner claims falsely represented himself as an attorney, when, in fact, he was a legal assistant.  Id. ¶¶ 17-19; id. Ex. S.  The BIA denied this motion to reopen, and the Ninth Circuit affirmed that denial on appeal.  Id. Exs. V, Y.

Petitioner then moved the BIA to reconsider, and on May 28, 2010, the BIA denied this motion as time- and number-barred.  Id. Ex. BB, CC.  Petitioner did not seek review of this denial from the Ninth Circuit.  See Return (dkt. 7) at 3.

On September 28, 2010, Petitioner was removed to Guatemala – his flight left Mesa, Arizona, at 6:00 a.m. Pacific Standard Time (PST), and arrived in Guatemala City, Guatemala, at 10:19 a.m. PST.  Proctor Decl. (dkt. 7-1) Ex. 2.  Petitioner filed the instant habeas Petition with the Court at 1:00 p.m. PST, asking the Court to order the BIA to reissue its September 8, 2004 decision so Petitioner can timely seek judicial review.  Pet. (dkt. 1) ¶ 33.  In his Petition, Petitioner alleges that Vasquez misrepresented that he was an attorney and that this prevented Petitioner from making such timely review.  Id. ¶ 30(a).

## II.    DISCUSSION

### A.    "In Custody" Requirement

#### 1.    Legal Background

As a general matter, district courts have jurisdiction to review aliens' habeas petitions filed under the general habeas corpus statute, 28 U.S.C. § 2241.  I.N.S. v. St. Cyr, 533 U.S. 289, 298-314 (2001).  However, § 2241 provides that "[t]he writ of habeas corpus shall not

extend to a prisoner unless . . . [h]e is <u>in custody</u>."  28 U.S.C. § 2241(c) (emphasis added);

<u>see</u> <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968); <u>Miranda v. Reno</u>, 238 F.3d 1156, 1158-59 (9th Cir. 2001).  Whether a petitioner is "in custody" is determined as of the time the petition is filed.  <u>Chong v. Dist. Dir., I.N.S.</u>, 264 F.3d 378, 382 (3d Cir. 2001) (citing <u>Carafas</u>, 391 U.S. at 331) (finding "in custody" requirement met when alien filed habeas petition before removal).

"In custody" is not limited to physical restraint.  <u>Carfas</u>, 391 U.S. at 239.  Rather, habeas corpus jurisdiction has been extended to individuals who, though not physically restrained, are subject to "restraints on . . . liberty . . . not shared by the public generally." <u>Jones v. Cunningham</u>, 371 U.S. 236, 240 (1963).  However, "there must be a significant restraint on the petitioner's liberty to satisfy th[e] 'custody' requirement."  <u>Patel v. U.S. Att'y Gen.</u>, 334 F.3d 1259, 1263 (11th Cir. 2003) (citing cases).  In this and other Circuits, removal from the United States does <u>not</u> constitute a significant restraint on an alien's liberty; therefore, already-deported aliens ordinarily fail to meet the "in custody" requirement. <u>Miranda</u>, 238 F.3d at 1159 (9th Cir. 2001); <u>see</u> <u>Patel</u>, 334 F.3d at 1263 (same); <u>see also</u> <u>Terrado v. Moyer</u>, 820 F.2d 920, 922 (7th Cir. 1987) (habeas petition filed after deportation does not satisfy "in custody" requirement).

A narrow exception to this general rule exits for "extreme circumstances" – such as where "the INS remove[s] an immigrant 'in violation of the immigration judge's order and after interference with his right to counsel.'"  <u>Miranda</u>, 238 F.3d at 1159 (quoting <u>Singh v. Waters</u>, 87 F.3d 346, 349 (9th Cir. 1996)) (finding no "extreme circumstances" meriting any exception where alien was removed pursuant to immigration judge's order and counsel waived right to appeal order to BIA).

### 2.    The Parties' Claims

Respondents argue that the present Petition fails to meet the "in custody" requirement because Petitioner had already been removed from the country when the Petition was filed.

United States District Court
For the Northern District of California

See Return (dkt. 7) at 4-5 (citing Miranda, 238 F.3d at 1158).  In support of this contention, they submit[1]:

(1) Petitioner's I-205 Form,[2] stamped:  "Chandler[,] Arizona/Williams Gateway Airport[3]/Date Sep[.] 28, 2010/Via JPATS,[4]" Proctor Decl. (dkt. 7-1) Ex. 1;

(2) a September 28, 2010 "ICE Charter flight"[5] itinerary listing Petitioner as a passenger, and documenting departure from Mesa, Arizona at 6:00 a.m. PST, arrival in Guatemala City, Guatemala at 10:19 a.m. PST, and departure again from Guatemala City at 11:19 a.m. PST, id. Ex. 2; and

(3) the cover of the Petition, stamped as filed in this Court at 1:00 p.m. PST on September 28, 2010, id. Ex. 3.

Because Petitioner's 1:00 p.m. PST filing time on September 28, 2010 came after the ICE flight had landed in, and again departed from, Guatemala, Respondents maintain that Petitioner had already been deported when the Petition was filed, and, therefore, was no longer "in custody," as required by § 2241.  See Return (dkt. 7) at 4-5.

Petitioner contests these submissions as factually erroneous.  See Traverse (dkt. 9) at 6-8.

---

[1] For ease of understanding the sequence of events, the Court sets forth all times in PST.

[2] An I-205 form is the United States Immigration and Naturalization Service's Warrant of Removal/Deportation.  See id. Ex. 1; 8 C.F.R. § 299.1.

[3] The formerly named Williams Gateway Airport, now Phoenix-Mesa Gateway Airport, is actually located in Mesa, Arizona, approximately ten miles from Chandler, Arizona.  See History, PHXMESA GATEWAY AIRPORT, http://www.phxmesagateway.org/History.aspx (last visited July 12, 2011).

[4] JPATS, the Justice Prisoner & Alien Transportation System, operates the air fleets for the Marshals Service and the Bureau of Immigration and U.S. Immigration and Customs Enforcement ("ICE").  Justice Prisoner & Alien Transportation System (JPATS), U.S. MARSHALS SERVICE, http://www.usmarshals.gov/jpats/ (last visited July 12, 2011); see also supra at 5 n.5. JPATS, inter alia, operates a fleet of aircraft to remove deportable aliens.  Id.  JPATS has a hub in Mesa, Arizona.  Id.

[5] "ICE" is the U.S. Immigration and Customs Enforcement, and is charged with "apprehend[ing] removable aliens, detain[ing] these individuals when necessary and remove[ing] illegal aliens from the U.S."  See ICE Enforcement and Removal Operations, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, http://www.ice.gov/about/offices/enforcement-removal-operations/ (last visited July 12, 2011).

**United States District Court**
For the Northern District of California

### 3.     Petitioner Was Not "In Custody" When his Petition Was Filed

Although Petitioner claims that there are two errors, neither detracts from the documents' proof that he filed his Petition after he had been removed.  First, Petitioner takes issue with the fact that the I-205 form's departure stamp reads, "Chandler[,] Arizona/Williams Gateway Airport," while the flight itinerary records departure from "Mesa, AZ."  Id.  However, this typographical inconsistency is inconsequential:  Williams Gateway Airport, a hub for JPATS, is in Mesa, Arizona, approximately ten miles from Chandler; these documents are consistent as to Petitioner's place of departure.  See supra at 5 n.3.  Second, Petitioner finds error in the submission of an "ICE Charter flight" itinerary, when the I-205 form records Petitioner departing on "via JPATS."  Traverse (dkt. 9) at 6-8.  These, too, are one and the same: JPATS operates chartered ICE removal flights.  See supra at 5 n.4.

The records in this case thus demonstrate that Petitioner had been removed to Guatemala several hours before he filed the instant Petition.  "No interpretation of § 2241 that is not utterly at war with its plain language permits us to exercise habeas corpus jurisdiction over . . . [i]mmigrants who have already been removed . . . [and] do not satisfy the 'in custody' requirement of habeas corpus jurisdiction."  Miranda, 238 F.3d at 1159.  Accordingly, this Court lacks subject-matter jurisdiction hear Petitioner's claims.

Further, this Petition does not fall under Waters' "extreme circumstances" exception.  Petitioner here was removed pursuant to an immigration judge's order,  following a full process administrative and judicial review – both of his removal order[6] and his ineffective-assistance-of-counsel and fraudulent-misrepresentation claims.[7]

---

[6] Petitioner's removal order was reviewed by the BIA and the Ninth Circuit on multiple occasions, and Petitioner has not sought review of the last May 28, 2010, BIA decision denying his motion for reconsideration.  See Pet. (dkt. 1) Exs. S, Y, CC.  Nor does Petitioner challenge this decision; rather, Petitioner brings claims of ineffective assistance and fraudulent misrepresentation against Vasquez.  Id. ¶¶ 27-30 However, the claims against Vasquez have already been heard, as well.  See infra at n.7.

[7] Petitioner was heard by the BIA on September 19, 2006, on his ineffective assistance claim as to Lopez and his misrepresentation and fraud claims against Vasquez, in connection with his motion to reopen.  See Pet. (dkt. 1) Ex. S, at 6-22.  During this proceeding, Petitioner was represented by counsel Allred, against whom Petitioner makes no ineffective-assistance claim.  See id. at 24.  The Ninth Circuit affirmed this decision on November 30, 2009.  See id. Ex. Y.

1    Nor does Petitioner find jurisdictional relief from <u>Singh v. Gonzales</u>, 499 F.3d 969

2  (2007).  <u>Gonzalez</u> deals with the reach of the REAL ID Act's[8] "jurisdiction-stripping

3  provisions," which generally stripped district courts of jurisdiction to review removal orders.

4  <u>Gonzalez</u>, 499 F.3d at 971-72; <u>see</u> 8 U.S.C. § 1252(a)(5).  In <u>Gonzalez</u>, the Ninth Circuit

5  held that district courts, nevertheless, may retain jurisdiction over "a narrow claim of

6  ineffective assistance of counsel in connection with a post-administrative filing of an appeal

7  with the court of appeals."  <u>Id.</u> at 981.  However, <u>Gonzalez</u> strictly limited its holding to the

8  scope of the REAL ID Act's "jurisdiction-stripping" and did not eliminate or otherwise

9  impinge upon the "in custody" requirement.  <u>Id.</u> at 981; <u>see, e.g.</u>, <u>Gutierrez-Ramos v. Martin</u>,

10  No. SACV 08-0040GPSJTL, 2008 WL 2811497, at *1-2 (C.D. Cal. July 21, 2008) (declining

11  habeas jurisdiction over claims filed after REAL ID Act and after petitioner had been

12  deported because he was not "in custody").

13  **III.    CONCLUSION**

14    For the reasons set forth above, the Petition for Writ of Habeas Corpus is dismissed

15  for lack of jurisdiction.

16    **IT IS SO ORDERED.**

17

18  Dated: July 14, 2011                                    _____
                                                        CHARLES  R. BREYER
19                                                       UNITED STATES DISTRICT
                                                        JUDGE

---

[8] Pub. L. No. 109-13, § 106(b), 119 Stat. 231, 310 (2005) (codified at 8 U.S.C. § 1252(a)(5)).

United States District Court
For the Northern District of California